IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John R. Tomlinson,              :

    Plaintiff,              :

  v.                            :          Case No. 2:09-cv-0125

Director Terry Collins,         :          JUDGE HOLSCHUH
et al.,

    Defendants.             :

## REPORT AND RECOMMENDATION

On March 10, 2010, defendant Dr. Siddiqi filed a motion to dismiss based on insufficiency of service of process. Responsive and reply memoranda have been filed. For the following reasons, it will be recommended that the motion be denied.

### I. Background

Plaintiff John R. Tomlinson is a former inmate who was incarcerated at the Madison Correctional Institution. Dr. Siddiqi was a physician at that institution. He is one of a number of defendants named in this civil rights case which is premised upon alleged deliberate indifference to Mr. Tomlinson's medical needs.

According to the motion to dismiss, as of the date of that motion, Dr. Siddiqi had not been served with a complaint and summons. In fact, the docket does not indicate that a summons has ever been issued for him. Fed.R.Civ.P. 4(m) requires service to be made within 120 days of the date the case is filed. Because that did not occur here, Dr. Siddiqi has asked to be dismissed as a defendant. Mr. Tomlinson does not dispute that service was not timely made, but asks in his response for an extension of time within which to perfect service on Dr. Siddiqi. He also asks the Court to require defendants to provide him with the information he needs to perfect service, including an address

for Dr. Siddiqi. In reply, Dr. Siddiqi argues that Mr. Tomlinson has simply not demonstrated good cause for his failure to obtain service on him.

## II. Discussion

Fed.R.Civ.P. 4(m) sets forth the general requirement that a complaint and summons be served on each named defendant within 120 days of the date the complaint is filed. By its terms, the rule requires that the Court take either one of two actions if service is not made within that time frame - either "dismiss the action without prejudice against that defendant" or "order that service be made within a specified time." The rule also contains a mandate concerning extensions of time to make service; it provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The Advisory Committee Notes to the 1993 amendments to Rule 4 interpret this language to mean that when a plaintiff has shown good cause to extend the time for making service, the Court must grant an extension; on the other hand, when the plaintiff has not shown good cause, the Court still *may* grant an extension if that would represent a sound exercise of the Court's discretion. This Court has adopted that interpretation of Rule 4(m). See Vergis v. Grand Victoria Casino and Resort, 199 F.R.D. 216 (S.D. Ohio 2000). Other District Courts within the Sixth Circuit have reached similar conclusions. See, e.g., In re Aredia and Zometa Products Liability Litigation, 2007 WL 4376098, *2 (M.D. Tenn. December 13, 2007)("this Court may clearly grant more time without a showing of good cause ..."); see also Slenzka v. Landstar Ranger, Inc., 204 F.R.D. 322 (E.D. Mich. 2001); Burnett v. Martin, 2007 WL 2157541 (W.D. Ky. July 24, 2007). These courts also generally identify, as factors to be taken into account, whether failure to grant an extension would, in effect, cause any dismissal to be with prejudice due to the running of

the statute of limitations; whether the unserved defendant was on notice that suit had been filed; and whether dismissal would subvert the goal of deciding cases on their merits.

Before applying these cases to the situation here, it is necessary to address Dr. Siddiqi's reliance on Nafziger v. McDermott Intern., Inc., 467 F.3d 514 (6th Cir. 2007). That case upheld the dismissal of a defendant under Rule 4(m) where the plaintiff failed to serve a defendant for more than eighteen months after the case was filed. In doing so, the Court of Appeals agreed that no showing of good cause had been made, and, applying the deferential abuse of discretion standard, affirmed the district court's exercise of discretion. While that decision certainly stands for the proposition that this Court may dismiss any defendant who has not been served within 120 days unless good cause for that failure has been demonstrated, and that such a decision may be upheld on appeal, it does not suggest that the opposite decision would be an abuse of discretion and therefore impermissible. Consequently, the Court will examine all of the circumstances of the case to determine if good cause has been shown, in which case an extension is mandatory, or, if good cause has not been shown, whether a discretionary extension should still be granted.

Plaintiff's excuse for not serving Dr. Siddiqi up to this point is that he has been unable to obtain the doctor's first name or an address where service can be made. He notes that he requested copies of his medical records from Madison Correctional Institution, that the records were produced somewhat late, and that they did not have the name in them. He also asserts that the Attorney General's office has advised his counsel that they do not have a current address for Dr. Siddiqi.

The Court agrees with defendants that these excuses, singly or in combination, fail to rise to the level of good cause.

Plaintiff has known since the day the case was filed that he had an obligation to serve Dr. Siddiqi within 120 days. He never moved for an extension of time to do so. He never attempted service at the Madison Correctional Institution, and apparently has done little or nothing outside of a request for prison medical records to try to discover whatever additional information he believed was needed in order to attempt service. Certainly, the existing defendants had no responsibility to provide service information to the plaintiff, and it does not appear that he has ever made a formal discovery request which would have triggered such an obligation. Finally, as in <u>Nafziger</u>, a substantial amount of time has now passed without service having been made. Thus, an extension of time to make service is not mandatory.

With respect to a discretionary extension, however, the Court notes that plaintiff has made some effort to find out information necessary for service. Further, it is likely that Dr. Siddiqi knows that this case has been filed and that he has been named as a defendant. The substantive claims made against him and other prison officials are being actively defended by the Ohio Attorney General's office, and it is likely that the same attorneys would represent Dr. Siddiqi if he is successfully served. Finally, if the Court does not grant an extension, there is the possibility that the claims against the doctor will be time-barred. The events in question occurred more than two years ago. Certainly, there would be an argument that the Ohio Savings Statute, O.R.C. §2305.19, would apply, <u>see Harris v. United States</u>, 422 F.3d 322, 331 (6th Cir. 2005), because dismissals under Rule 4(m) are usually without prejudice, but the fact that plaintiff never made an actual attempt at service might preclude the use of the Savings Statute. <u>See, e.g., Stringer v. Whaley</u>, 2007 WL 936572 (Hamilton Co. App. March 30, 2007); <u>cf. Thomas v.</u>

Freeman, 79 Ohio St. 3d 221 (1997). Consequently, although the Court does not condone the lengthy delay and less than diligent efforts made to serve Dr. Siddiqi, it is appropriate to give plaintiff one further opportunity to effect such service.

### III. Recommended Disposition

For the foregoing reasons, it is recommended that the motion to dismiss (#31) be denied and that plaintiff be granted a twenty-eight day extension of time to effect service on Dr. Siddiqi.

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp

United States Magistrate Judge